·v.

COMMONWEALTH of Kentucky, CABINET FOR HEALTH AND FAMILY SERVICES; L.I.S., a Minor Child; E.A.S.; and M.S., Appellees

S.S., Appellant

v.

Commonwealth of Kentucky, Cabinet for Health and Family Services; C.F.S., a Minor Child; E.A.S.; and M.S., Appellees

NO. 2016-CA-001924-ME, NO. 2016-CA-001925-ME

Court of Appeals of Kentucky.

SEPTEMBER 22, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: S.S., Traci Lee Peppers, Glasgow, Kentucky.

BRIEF FOR APPELLEE: E.A.S., Mica L. Wood, Glasgow, Kentucky, No Briefs for Appellees, Cabinet for Health and Family, Services, L.I.S., C.F.S., and M.S.

BEFORE: ACREE, MAZE, AND NICKELL, JUDGES.

## OPINION

MAZE, JUDGE:

S.S. appeals from judgments of the Barren Circuit Court which terminated her parental rights and allowed E.A.S. to adopt her two children under KRS[1] Chapter 199. We agree with S.S. that the trial

---

court clearly erred in finding that it lacked authority to appoint counsel for her in this proceeding. Hence, we must vacate the termination and adoption judgments, and remand for additional proceedings, including appointment of counsel if appropriate.

M.S. and S.S. are the father and mother, respectively, of L.I.S., born May 2006, and C.F.S. born August 2009. They were married at the time of the children's births. M.S. testified that he learned of S.S.'s drug use in 2013. The parties separated and M.S. filed for divorce. A decree of dissolution was entered in 2014. During that period, the Cabinet for Health and Family Services filed a dependency petition, alleging that S.S. had been highly intoxicated while in a care-taking role of the children. S.S. stipulated to the dependency petition. S.S. has failed to complete her case plan with the Cabinet.

The children have been in the custody of M.S. since before the divorce. M.S. also testified that visitation between S.S. and the children was hit or miss and did not go well. Her last visitation was in September of 2015, and the children refused to have any further contact with her.

M.S. married E.A.S. in April of 2015, and she has been the children's primary caretaker since that time. On June 13, 2015, E.A.S. filed the current petition seeking voluntary termination of parental rights and to adopt the children. M.S. consented to the adoption, but S.S. did not. The Cabinet was named as a party and recommended that the petition be granted.

The parties appeared for an evidentiary hearing on November 15, 2016. The day prior to the hearing, S.S. filed a "Financial Statement, Affidavit of Indigence, Request for Counsel, and Order (DNA/TPR

---

1. Kentucky Revised Statutes.

Cases)."[2] S.S. renewed her request for appointment of counsel, stating that she had been in drug rehabilitation for at least a month prior to the hearing and was unable to obtain an attorney. The trial court denied the motion to appoint counsel, concluding that it did not have the authority to appoint counsel for an indigent parent in a proceeding under KRS Chapter 199.

During the pre-hearing proceedings, the trial court determined that there was an outstanding arrest warrant for S.S. She was placed under arrest at the commencement of the hearing, but the trial court directed the deputy sheriff to remove her handcuffs during the hearing. The court then heard testimony from M.S., E.A.S., and the children's therapist. S.S. did not cross-examine any of the witnesses. The court also considered the prior dependency petitions against S.S. and the Cabinet's report. S.S. presented testimony from her sister, but chose not to testify on her own behalf after the court advised her that she would be subject to cross-examination.

After the hearing, the trial court entered findings of fact, and conclusions of law finding that S.S. had abandoned the children, and it was in the children's best interests to terminate S.S.'s parental rights and to allow E.A.S. to adopt them. The court entered separate judgments of adoption as to each child. S.S. now appeals from these orders and judgments.

■■■ S.S. first argues that the trial court erred by denying her motion for appointed counsel. The trial court expressed the view that it did not have the authority to appoint counsel for an indigent respondent in proceedings under KRS Chapter 199. However, KRS 199.500 is only applicable if both parents consent to the adoption, or if the parental rights of one or both parents have been terminated pursuant to KRS Chapter 625. KRS 199.500(1)(c). An adoption without the consent of a living biological parent is a proceeding to involuntarily terminate that parent's parental rights. *M.B. v. D.W.*, 236 S.W.3d 31, 34 (Ky. App. 2007). KRS 199.500(4) allows for involuntary termination of parental rights when a parent does not give consent to the adoption, but that section refers to the provisions of KRS 625.090. The trial court made findings under that section to involuntarily terminate S.S.'s parental rights. Consequently, we conclude that the provisions of KRS Chapter 625 apply to step-parent adoption proceedings under KRS Chapter 199.

The United States Supreme Court has found no absolute right to counsel in termination cases under the umbrella of the United States Constitution, but instead has held the appointment of counsel need only be made on a case-by-case basis. *Lassiter v. Dep't of Social Services of Durham County, N.C.*, 452 U.S. 18, 31-32, 101 S.Ct. 2153, 2162, 68 L.Ed.2d 640 (1981). *See also A.P. v. Commonwealth, Cabinet for Health and Family Services*, 270 S.W.3d 418, 420 (Ky. App. 2008). However, the General Assembly has eliminated the need for a case-by-case determination by enacting KRS 625.080(3), which specifically provides that "[t]he parents have the right to legal representation in involuntary termination actions." The statute further authorizes the trial court to appoint counsel for a parent who is found to be indigent under the provisions of KRS Chapter 31.

We also note that KRS 625.0405 authorizes appointment of counsel to represent an indigent parent in a voluntary termination action for purposes of adoption. That section also permits the court to assess such attorney fees as a cost to be paid

**2.** Form AOC-DNA-11.

by the proposed adoptive parent or agency prior to entry of a judgment. Given this authority, we must conclude that the trial court clearly erred in finding that it lacked authority to appoint counsel for S.S.

■ In this appeal, E.A.S. argues that S.S. failed to make a timely motion requesting appointment of counsel. However, this Court has interpreted KRS 625.080(3) as entitling indigent parents to counsel "at every critical phase of the [termination] proceedings." *R.V. v. Commonwealth, Dep't for Health and Family Serv's*, 242 S.W.3d 669, 673 (Ky. App. 2007). *See also Z.T. v. M.T.*, 258 S.W.3d 31, 36 (Ky. App. 2008). KRS 31.120(1)(b) authorizes a trial court to determine whether a person is indigent "with respect to each step of the proceedings...." S.S. filed an affidavit of indigency and specifically requested appointment of counsel prior to the hearing. Under the circumstances, we cannot say that her delay in bringing the motion amounted to a waiver.

■ Consequently, we must set aside the order terminating S.S.'s parental rights and granting the step-parent adoption to E.A.S. We recognize that the result may be the same, but we must conclude that S.S. was entitled to counsel prior to termination of her parental rights. Upon remand, the court shall determine whether S.S. is currently indigent and appoint counsel for her as necessary. Since we are setting aside the termination orders and

judgments of adoption on this ground, the remaining issues raised by S.S. are moot.

And finally, while the parties to this appeal have not raised it, there is one other issue that has come to our attention. The trial court's findings of fact and conclusions of law in the action relating to L.I.S. contain language terminating the parental rights "of the biological father...." We presume that this was a typographical error, as there is no indication that any party was seeking to terminate M.S.'s parental rights, and that would not be necessary in a step-parent adoption where M.S. has consented to the adoption. Furthermore, the corresponding findings in the action relating to C.F.S. terminate the parental rights of "the biological mother...." On remand, if the trial court reaches that point, we would suggest that the findings be corrected to accurately reflect the court's judgment.

Accordingly, we vacate the judgments terminating S.S.'s parental rights, and we remand this matter to the Barren Circuit Court for additional proceedings as set forth in this opinion.

ALL CONCUR.