RENDERED: JANUARY 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0620-ME

M.M.M.                                                             APPELLANT

APPEAL FROM LOGAN CIRCUIT COURT
v.        HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 23-AD-00028

CABINET FOR HEALTH AND
FAMILY SERVICES,
COMMONWEALTH OF KENTUCKY;
C.J.R.W., A CHILD; AND T.R.W.                                      APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

CALDWELL, JUDGE:  M.M.M. ("Mother") appeals from the involuntary

termination of her parental rights to C.J.R.W.("Child")[1] primarily based on the trial

---

[1] To protect the minor child's privacy and pursuant to court policy, we do not identify the child or the natural parents by name. *See also* Kentucky Rules of Appellate Procedure ("RAP") 5(B)(2) ("Initials or a descriptive term must be used instead of a name in cases involving juveniles, allegations of abuse and neglect, termination of parental rights, mental health, and expungements.").

court's refusal to appoint an attorney to represent her at trial. We vacate the termination of Mother's parental rights and remand for further proceedings.

**FACTS**

Mother filed a written affidavit of indigence and a request for counsel a few days before the termination trial. Mother was not yet present in the courtroom at the scheduled trial time. The trial judge noted he had received the affidavit of indigence and that it was approved. He also indicated if Mother were present, he would appoint counsel for her. Specifically, the judge stated he would appoint Mother's prior counsel from district court proceedings who had told the judge he would be available at least by phone at 11:30. However, the trial judge declined to appoint counsel since Mother was not present and elected to proceed with the trial in her absence.

A few minutes after the ongoing social worker began testifying, Mother arrived, about fifteen minutes late to trial. After discussions with the judge about the reason for Mother's tardiness and whether she received the petition and court notices,[2] Mother orally requested representation.

---

[2] Mother stated she had arrived early to the courtroom, left, and then under-estimated how long it would take her to get back. Mother admitted receiving a copy of the petition and a notice to be in court that day – but she indicated she did not understand that a termination trial was to take place that day. Mother denied receiving notice of a pretrial conference and stated she was unaware she had missed a hearing.

The trial judge stated he believed Mother was trying to keep the proceedings from going forward. He also said if he could get her an attorney for the trial that day, he would; but he could not. The trial proceeded. At the conclusion of trial, the trial court orally stated it would terminate parental rights.

About four months later,[3] the trial court entered an order terminating both parents' parental rights along with findings of fact and conclusions. The trial court found Mother's "delay in attending court and requesting counsel to be purposeful and for the sole purposes of delaying this action." Noting Mother was able to ask witnesses questions and testify, the court further stated: "The court does not perceive that the outcome of the trial would be any different."

Mother filed a timely appeal.[4] In her appellant brief, she argued the trial court committed reversible error in denying her request for appointed counsel.

The Cabinet filed an appellee brief. The Cabinet asserted that if Mother had not shown up for trial, the trial court's decision not to appoint counsel

---

[3] Kentucky Revised Statutes ("KRS") 625.090(6) states a trial court shall either grant or dismiss a termination petition within 30 days after the conclusion of proof and arguments of counsel. A trial court's failure to grant or dismiss a termination petition within 30 days of the conclusion of trial does not always prejudice the parent or result in reversible error, however. *See D.H. v. Cabinet for Health and Family Services*, 640 S.W.3d 736, 742-43 (Ky. App. 2022). Though we do not vacate the trial court's judgment based on the failure to comply with KRS 625.090(6) but instead on other grounds, we remind the trial court on remand of the statutory expectation for a ruling on the termination petition within about a month of the conclusion of trial – which is aimed at expediting permanency for children. *D.H.*, 640 S.W.3d at 742.

[4] Child's natural father, T.R.W., did not appeal from the termination of his parental rights.

would have been consistent with controlling law. However, the Cabinet conceded that since Mother was present at trial and clearly requested appointed counsel, the trial court's decision contravened controlling law. The Cabinet's brief concludes by stating: "The Cabinet concedes that Mother was entitled to counsel upon her arrival at the termination trial. Therefore, the Cabinet requests the termination judgment be vacated and remanded for any future proceedings." (Appellee brief, page 4.)

Upon careful review of controlling authority and the record before us, we similarly conclude that the termination of Mother's parental rights must be vacated, and the case remanded to the trial court for further proceedings consistent with this Opinion.

## ANALYSIS

### Standard of Review

A trial court's decision to terminate parental rights is entitled to some deference on appellate review given the trial court's "wide discretion" in such matters and the fact such termination decisions often hinge on factual findings, which cannot be disturbed unless "clearly erroneous" (meaning not supported by substantial evidence). *Cabinet for Health and Family Services v. K.H.*, 423 S.W.3d 204, 211 (Ky. 2014). Yet though we review a trial court's findings of fact in a termination of parental rights ("TPR") action for clear error, we review the

trial court's application of the law to the facts *de novo*. *W.L.C. v. Commonwealth Cabinet for Health and Family Services*, 484 S.W.3d 737, 742 (Ky. App. 2016).

In the present case, unlike a perhaps typical TPR appeal hinging on factual matters, this appeal hinges on the trial court's application of law, including KRS 625.080(3). Such questions of statutory interpretation are subject to *de novo* review. *A.F. v. L.B.*, 572 S.W.3d 64, 69 (Ky. App. 2019).[5]

### We Must Vacate Termination of Mother's Parental Rights Due to Trial Court's Denial of Mother's Request for Appointed Counsel

KRS 625.080(3) states:

> The parents have the right to legal representation in involuntary termination actions. The Circuit Court shall determine if the parent is indigent and, therefore, entitled to counsel pursuant to KRS Chapter 31. If the Circuit Court so finds, the Circuit Court shall inform the parent; and, upon request, if it appears reasonably necessary in the interest of justice, the Circuit Court shall appoint an attorney to represent the parent pursuant to KRS Chapter 31 to be provided or paid for by the Finance and Administration Cabinet a fee to be set by the court and not to exceed five hundred dollars ($500)[.]

Nonetheless, a trial court is not obliged to appoint counsel if parents decline representation. *C.J.M. v. Cabinet for Health and Family Services*, 389 S.W.3d 155, 163 (Ky. App. 2012).

---

[5] We would also reach the same result under a more deferential standard of review.

However, the trial court found Mother to be indigent and Mother clearly requested appointment of counsel to represent her at the termination trial. And KRS 625.080(3) clearly recognizes a parent's right to counsel in proceedings to terminate parental rights and eliminates any need to consider the existence of such a right in termination proceedings on a case-by-case basis. *S.S. v. Commonwealth Cabinet for Health and Family Services*, 537 S.W.3d 834, 836 (Ky. App. 2017).

Moreover, this Court has long clearly held that: "pursuant to both the due process clause of the Fourteenth Amendment to the United States Constitution and KRS 625.080(3) and 620.100(1), that the parental rights of a child may not be terminated unless that parent has been represented by counsel at every critical stage of the proceedings." *R.V. v. Commonwealth, Dep't for Health and Family Services*, 242 S.W.3d 669, 672-73 (Ky. App. 2007). Moreover, trial is clearly a critical stage in a termination of parental rights proceeding. *See A.P. v. Commonwealth*, 270 S.W.3d 418, 421 (Ky. App. 2008) ("The mother was provided representation throughout the proceedings involving the child, except at, perhaps the most critical stage, the first scheduled day of the trial.").

Furthermore, though perhaps the trial court was understandably frustrated that the request for appointment of counsel was not made earlier, we cannot affirm the denial of the appointment request based on untimeliness under

the facts here.  Mother clearly requested the appointment of counsel both when she filed her written affidavit of indigency and request for counsel a few days before trial and when she orally requested representation upon her arrival at trial.

Faced with similar facts (including the filing of an affidavit of indigency and request for appointed counsel the day before an evidentiary hearing), we rejected the argument that the trial court's denial of the request should be upheld based on untimeliness in a recent adoption without consent/TPR case. *S.S.*, 537 S.W.3d at 836-37.  We held the denial of the request for representation contravened controlling law including KRS 625.080(3), *R.V.*, 242 S.W.3d at 673, and KRS 31.120(1)(b).  And we further stated:

> S.S. filed an affidavit of indigency and specifically requested appointment of counsel prior to the hearing.  Under the circumstances, we cannot say that her delay in bringing the motion amounted to a waiver.  Consequently, we must set aside the order terminating S.S.'s parental rights and granting the step-parent adoption to E.A.S.  We recognize that the result may be the same, but we must conclude that S.S. was entitled to counsel prior to termination of her parental rights.  Upon remand, the court shall determine whether S.S. is currently indigent and appoint counsel for her as necessary.

*S.S.*, 537 S.W.3d at 837.

Similarly, in the present case, we must vacate the trial court's denial of Mother's request for appointed counsel – made both prior to and at trial – as the trial court's application of the law contravenes controlling statutes and precedent.

-7-

Moreover, to the extent a trial court may have some discretion to deny a request for appointment of counsel based on untimeliness or improper motivation, we conclude the trial court abused its discretion under the facts here. The trial court had previously stated it would appoint Mother's prior counsel, who was available at least by phone that day, before the trial initially began in Mother's absence. Mother's arriving fifteen minutes late to the trial is improper, but this tardiness was a manifestly insufficient reason to deny her request for appointment of counsel.

As we vacate the termination based on the denial of Mother's request for appointed counsel, we decline to address further issues raised in the briefs as moot including Mother's argument about being entitled to a continuance.

The case is remanded to the trial court for further proceedings. As in *S.S.*, the trial court is directed to determine on remand whether Mother is currently indigent and if so, to appoint counsel as necessary. *See id*.

## CONCLUSION

For the reasons stated herein, we VACATE the termination of Mother's parental rights and REMAND for further proceedings with directions to determine if Mother is currently indigent and, if so, to appoint counsel as necessary.

ALL CONCUR.

BRIEF FOR APPELLANT:

Alicia C. Johnson
Russellville, Kentucky

BRIEF FOR APPELLEE CABINET
FOR HEALTH AND FAMILY
SERVICES:

Leslie M. Laupp
Covington, Kentucky